UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE: **Tyringham Holdings, Inc.**
Chapter 11 Debtor

Case No. 06-32385-DOT

**The Official Committee of Unsecured
Creditors for Tyringham Holdings, Inc.,**
Plaintiff
v.

Adversary Proceeding No. 06-03142-DOT

**Suna Bros. Inc.,**
Defendant

### MEMORANDUM OPINION AND ORDER

Trial was held on November 13, 2006, on plaintiff's complaint to determine the validity, priority, or extent of a lien under a consignment held by defendant Suna Bros. Inc. The issue is whether Suna's financing statement was seriously misleading because it was not filed under the correct name of the debtor. For the reasons set forth below, the court finds that the financing statement is seriously misleading. Therefore, the defendant's lien is unperfected, and plaintiff may sell the collateral free and clear of any lien or interest of Suna.

Findings of Fact

Pursuant to a consignment agreement dated October 18, 2004, debtor Tyringham Holdings, Inc., held a number of pieces of jewelry inventory consigned to it by Suna. Suna held a security interest in the consigned inventory and attempted to perfect the security interest by filing a financing statement with the Virginia State Corporation Commission on June 10, 2005. The financing statement covered 65 pieces of jewelry totaling $310,925.00 worth of consigned inventory.

The financing statement was filed by Suna on June 10, 2005, and listed the debtor's name

as "Tyringham Holdings." The debtor is a Virginia Corporation and is listed as "Tyringham Holdings, Inc." on the public records of the Virginia State Corporation Commission.

An official UCC search certified by the State Corporation Commission revealed a search conducted under the name "Tyringham Holdings, Inc.," which did not reveal the Suna financing statement.

### Discussion and Conclusions of Law

Where a filed financing statement is required to perfect a security interest, it must substantially satisfy the requirements of a financing statement. Generally, the name of a corporate debtor, as indicated on the public record of the debtor's jurisdiction of organization, must be listed on the financing statement for it to be valid. Va. Code Ann. § 8.9A-503(a)(1) (2006). Where the requirements are substantially satisfied, a financing statement "is effective, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading." Va. Code Ann. § 8.9A-506(a). By law, "[e]xcept as otherwise provided in subsection (c), a financing statement that fails sufficiently to provide the name of the debtor in accordance with § 8.9A-503(a) is seriously misleading." Va. Code Ann. § 8.9A-506(b). There is no question in this case that the name of the debtor in the Suna financing statement, "Tyringham Holdings," was not the same corporate name as that on the public record for the state of Virginia, "Tyringham Holdings, Inc." Therefore, unless excepted by Va. Code Ann. § 8.9A-506(c), the financing statement is seriously misleading and is ineffective to perfect Suna's security interest.

The exception in subsection (c) represents a shift between the previous version of Article 9 and Revised Article 9 in dealing with errors on financing statements. Prior to the revisions enacted in 2001, Virginia's version of Article 9 had no equivalent to subsections (b) and (c).

2

Instead, the governing principle for financing statement sufficiency was a diligent searcher standard. Subsection (c) now provides a more concrete rule for determining if errors are seriously misleading, providing that:

> If a search of the <u>records of the filing office</u> under the <u>debtor's correct name</u>, using the <u>filing office's standard search logic</u>, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with § 8.9A-503(a), the name provided does not make the financing statement seriously misleading.

Va. Code Ann. § 8.9A-506(c) (emphasis added).

According to the statute, the appropriate standard by which to judge a search is the filing office's standard search logic for a search under the debtor's correct name, in the filing office's database. See, e.g., Va. Code Ann. § 8.9A-506 Official Comment 2 (stating that "a financing statement that is seriously misleading under this section is ineffective even if it is disclosed by (i) using a search logic other than that of the filing office to search the official records, or (ii) using the filing office's standard search logic to search a data base other than that of the filing office"). Several cases in other jurisdictions, applying parallel provisions in their respective Uniform Commercial Codes, emphasize that the filing office's standard search logic is the governing factor in determining whether a financing statement is seriously misleading. See, *Pankratz Implement Co. v. Citizens National Bank*, 130 P.3d 57 (Kan. 2006) (finding a financing statement seriously misleading where the official search conducted by the Kansas secretary of state under the proper name did not reveal the financing statement); *Receivables Purchasing Co., Inc., v. R&R Directional Drilling, LLC*, 588 S.E.2d 831 (Ga. Ct. App. 2003) (explaining that case law under the previous version of Article 9 was no longer applicable and finding a financing statement seriously misleading where a search under the debtor's correct name did not reveal the financing statement); *All Bus. Corp. v. Choi*, 634 S.E.2d 400 (Ga. Ct. App. 2006) (following

3

*Receivables Purchasing Co.* and holding that regardless of private searches done with incomplete stems of the proper debtor name, the law required a search through the clerk's office with the correct name). Therefore, it is clear in these jurisdictions that the filing office's standard search logic governs.

In the time period between filing of the financing statement and the trial in this Adversary Proceeding, a number of UCC searches were performed by private search companies such as Corporation Service Company, Access Information Services, Inc., and UCC Retrievals, Inc. Each of these searches disclosed the existence of the Suna financing statement. No evidence was presented as to the underlying methodology behind the Corporation Service Company or Access Information Services, Inc., searches. At trial, a witness for Suna testified that she had conducted the search by UCC Retrievals, Inc., under the name "Tyringham Holdings." Her search disclosed the existence of the Suna financing statement. Her rationale for searching under the name "Tyringham Holdings" rather than the correct "Tyringham Holdings, Inc.," was that she considered the term "Inc." to be a "noise word." Noise words for these purposes are words that are removed or ignored in the process of performing an electronic database search for financing statements. The witness classified "Inc." as a noise word because it is one of such words on a list promulgated by the International Association of Corporation Administrators (IACA). Other abbreviations on the IACA "noise word" list include "Corporation," "Corp," "Company," "Co," "Limited," and "Ltd."

Suna repeatedly emphasizes that these private searches used "standard search logic" to disclose the Suna financing statement. Suna would have this court read out the portion of the statute that specifies whose "standard search logic" is employed in the analysis. The relevant standard is clearly no longer the diligent searcher's standard search logic nor a private search

4

organization's standard search logic, but it is instead the filing office's standard search logic.

The Virginia State Corporation Commission has promulgated filing rules in 5 Va. Admin. Code 5-30-70(E) (2006) that describe the standard search logic employed by the commission when conducting a search. Search results are produced by the application of standardized search logic to the name presented to the filing officer, along with several additional requirements, including the following subsection 4:

> "Noise words" include, but are not limited to, "an," "and," "for," "of," and "the." The word "the" always will be disregarded and other noise words appearing anywhere except at the beginning of an organization name will be disregarded. Certain business words are modified to a standard abbreviation: company to "co," corporation to "corp," limited to "ltd," incorporated to "inc."

5 Va. Admin. Code 5-30-70(E)(4). The State Corporation Commission has not adopted the full list of noise words promulgated by the IACA.

Plaintiff called as a witness an employee of the Virginia State Corporation Commission, who described the coding of the UCC search program utilized by the Corporation Commission in its official UCC searches. As explained by the witness, the search logic modifies a given entry by removing certain items from the name entered by a searcher, including punctuation, spaces, and the five noise words listed in the State Corporation Commission Rules. This creates a search key which is then matched to names on filed financing statements, which have likewise been modified in accordance with the same standards.

No evidence was presented to show that the private searches were conducted in accordance with the <u>Virginia State Corporation Commission's</u> standard search logic on the <u>debtor's correct name</u>. The only private search supported by additional evidence at trial was the one conducted by UCC Retrievals, Inc. This search was conducted using the State Corporation Commission's website, but only after the witness truncated the name, "Tyringham Holdings,

5

Inc." to "Tyringham Holdings," based solely on her own belief that "Inc." was a noise word in the state of Virginia. The searcher entered "Tyringham Holdings" into the search field and retrieved the Suna financing statement. No evidence was presented that the searcher ever entered "Tyringham Holdings, Inc.," into the search field and recovered the Suna financing statement.

Suna attempts to argue that the State Corporation Commission's search logic is faulty because it does not filter out "Inc." as a noise word, even though the IACA considers it as such. According to Plaintiff's witness, the State Corporation Commission is in the process of revising its list of noise words and changing the search logic to include terms such as "inc." However, the standard in place at all times relevant to this case did not include "Inc." as a noise word; at present, the underlying search engine code filters out only five articles as noise words. Suna makes much of the fact that noise words in the filing rules contained at 5 Va. Admin. Code 5-30-70(E)(4) "include, but are not limited to" the five articles filtered out by the search engine. Suna essentially argues that the search engine improperly employs the search methodology prescribed by the statute, because it in fact filters out <u>only</u> the five articles and thus is "limited to" those words only. Regardless of whether this argument makes logical sense, the court cannot conclude on the basis of the statutory language that "Inc." should be considered a noise word. The third sentence of subsection 4 says that "Certain business words are modified to a standard abbreviation...," the last of which is "incorporated" to "inc." 5 Va. Admin. Code 5-30-70(E)(4). If "inc" is a standard abbreviation, it cannot simultaneously be a disregarded noise word according to the State Corporation Commission's standard search logic as embodied by this statute and the search engine code utilizing it. As a result, it is clear that "Inc." is not a noise word for purposes of a Virginia UCC search, and the State Corporation Commission's search

6

logic is functioning as it was presently intended to function in this respect.

None of the cases cited by Suna support its proposition that the language of § 8.9A-503(c) does not mean what it says regarding the use of the <u>filing office's</u> standard search logic. The closest Suna comes is in its discussion of *Planned Furniture Promotions*, 374 F. Supp. 2d 1227 (M.D. Ga. 2005), where the United States District Court for the Middle District of Georgia ruled that a party's omission of "Inc" from the end of the debtor's name was not seriously misleading because a search "would almost assuredly turn up a financing statement...," and "a diligent creditor searching the filing records under the name Benjamin S. Youngblood, Inc. would be put on notice to inquire into the interests of a debtor listed as Benjamin Scott Youngblood." *Id.* at 1234. This case essentially ignores the provisions of the Georgia UCC referring to the filing office's standard search logic and appears to rest on pre-revised Article 9 law dealing with the diligent searcher standard. Further, the 2006 Georgia Court of Appeals case, *All Bus. Corp.*, calls into question the U.S. District Court's 2005 ruling in *Planned Furniture Promotions* by reaffirming the defunct status of the diligent searcher rule under Georgia law, whose UCC sections are identical to those at issue in this Virginia case. This court finds the logic of *Planned Furniture Promotions* inapplicable to the present case and finds persuasive the number of cases that apply the plain language of the UCC, requiring a search using the filing office's standard search logic. Thus, a search using the correct debtor name under the filing office's standard search logic—as embodied by any relevant statute and search engine programming that implements the search logic—must reveal the financing statement filed under the incorrect name or it will be deemed seriously misleading.

While application of the filing office's standard search logic may lead to situations where it appears that a relatively minor error in a financing statement leads to a security interest

7

becoming unperfected, it is not that difficult to ensure that a financing statement is filed with the correct name of the debtor. Little more is asked of a creditor than to accurately record the debtor's name, and according to the statute, failure to perform this action clearly dooms the perfected status of a security interest.

The official search certified by the State Corporation Commission, under the correct name, "Tyringham Holdings, Inc.," fails to disclose the Suna financing statement. Thus, the only search which used the correct name under the standard search logic actually employed by the State Corporation Commission did not disclose the Suna financing statement. As a result, the court must conclude that the financing statement is seriously misleading and is insufficient to perfect Suna's security interest in the collateral. Therefore, Suna's security interest in the collateral is unperfected and the collateral may be sold free and clear of any lien held by Suna.

Accordingly,

**IT IS ORDERED** that judgment is entered for plaintiff and the defendant's lien claim is denied.

SIGNED:

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

Copy to:

Karen M. Crowley, Esquire
Marcus, Santoro & Kozak, P.C.
1435 Crossways Boulevard, Suite 300
Chesapeake, Virginia 23310
*Counsel for Plaintiff, Official Committee of Unsecured Creditors*

Lynn L. Tavenner, Esquire
Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North 8th Street, 2nd Floor
Richmond, Virginia 23219
*Counsel for Debtor*

David M. Ruby, Esquire
Michele A. Mulligan, Esquire
McSweeney, Crump, Childress & Gould, P.C.
P.O. Box 1463
Richmond, Virginia 23218
*Counsel for Defendant, Suna Bros. Inc.*

Loc Pfeiffer, Esquire
Kutak Rock, LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, Virginia 23219
*Counsel for Tyringham Investments, Ltd.*

Peter Antoszyk, Esquire
Proskauer Rose, LLP
One International Place
Boston, MA 02110-2600
*Counsel for Bank of America*

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
600 East Main Street, Suite 301
Richmond, Virginia 23219
*Assistant United States Trustee*